IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AQUAPAW LLC,<br><br>                Plaintiff,<br><br>v.<br><br>TIKTOKS, *et al.*,<br><br>                Defendants. | Civil Action No. 21-696-CCW<br><br>(Judge Wiegand) |

**PRELIMINARY INJUNCTION ORDER**

WHEREAS, Plaintiff filed an *Ex Parte* Application for the following: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against the Defendants identified on **Schedule "A"** to the Complaint and attached hereto (collectively, the "Defendants")[1]. The Court has considered the Application, the evidence in the record, and the applicable law.

WHEREAS, Plaintiff filed an *Ex Parte* Motion for An Order Authorizing Alternative Service on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3);

WHEREAS, On May 26, 2021, the Court entered the following Orders:

(A) (1) a temporary restraining order; (2) an order restraining assets and Merchant Storefronts, (3) an order to show cause why a preliminary injunction should not issue; and (4) an

---

[1] As alleged in the Complaint, Defendants are knowingly and intentionally promoting, advertising, distributing, offering for sale, and selling patent infringing versions of Plaintiff's Slow Treater® dog soothing device (the "Infringing Product") which infringe at least one claim of U.S. Patent No. 10,834,894 ("Plaintiff's Patent" or "the '894 patent") throughout the United States, including within the Commonwealth of Pennsylvania and this district, by operating fully interactive, commercial Internet based e-commerce stores accessible in Pennsylvania, via at least the Amazon.com, eBay.com, Wish.com and Aliexpress.com Internet market place platforms operating using the seller identities identified on Schedule "A" to the Complaint (the "Seller IDs").

order authorizing expedited discovery against all of the Defendants identified on the attached Schedule "A", and the Third-Party Service Providers and Financial Institutions, in light of Defendants' intentional and willful offerings for sale and/or sales of Infringing Products ("Application"); and

(B) Order Authorizing Alternative Service on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) ("the Alternative Service Order");

WHEREAS, upon Plaintiff's motion, in order to give Plaintiff additional time to serve the Defendants, and to provide the Defendants with sufficient time to respond to the Show Cause Order, this Court extended the initial TRO, re-set the briefing schedule, and re-scheduled the Show Cause Hearing to June 23, 2021.

WHEREAS, pursuant to the terms of the Alternative Service Order, the Defendants have been served with notice of this Show Cause Hearing; and

WHEREAS, on June 23, 2021, Plaintiff appeared for the Order to Show Cause Hearing, however no Defendants appeared. Further, none of the Third-Party Service Provider(s) or Financial Institution(s) appeared.

**ORDER**

**I. Restraining Order**

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, the injunctive relief previously granted on May 26, 2021, and extended by further Order, shall remain in place through the pendency of this litigation, and issuing this Preliminary Injunction (hereafter "PI Order") is warranted under 35 U.S.C. § 283 and Federal Rules of Civil Procedure 64 and 65.

Accordingly, each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained as follows:

(1) from (a) their unauthorized and unlicensed use of Plaintiff's Patent, distribution, marketing, advertising, offering for sale, or sale of any Infringing Products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products that infringe upon at least one claim of the Plaintiff's Patent;

(2) from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to their User Accounts,[2] Merchant Storefronts[3] or any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets");

(3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

---

[2] As defined in the Complaint, a "User Account" is any and all accounts with online marketplace platform, including, Amazon.com, eBay.com, aliexpress.com and wish.com, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[3] As defined in the Application, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

(4) each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately cease offering for sale the Infringing Products within metatags or other markers within website source code, from use on any web page (including as the title of any product listing), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use such terms or works which is visible to a computer user or serves to direct computer searches to Internet based e-commerce stores owned, or operated by each Defendant, including the Merchant Storefronts operating under the Seller IDs;

(5) each Defendant shall not transfer ownership of the User Accounts or Merchant Storefronts associated with the Seller IDs;

(6) each Defendant shall preserve copies of all computer files relating to the use of any User Accounts and/or Merchant Storefronts under the Seller IDs and shall take steps necessary to retrieve computer files relating to the use of the User Accounts and/or Merchant Storefronts under their Seller IDs that may been deleted before the entry of this Order;

(7) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Alibaba.com US LLC d/b/a Aliexpress.com ("Aliexpress"), Amazon.com, Inc. and its affiliate, Amazon Services LLC d/b/a Amazon.com ("Amazon"),  eBay, Inc. d/b/a eBay.com ("eBay"), and Context Logic, Inc d/b/a wish.com ("Wish"), and Shopify Inc, ("Third-Party Service Provider(s)'') and AliPay US Inc. d/b/a Alipay.com ("Alipay"), Amazon Payments, Inc. d/b/a pay.amazon.com, and PayPal, Inc. d/b/a paypal.com ("PayPal") ("Financial Institution(s)"), and their related

companies and affiliates, shall immediately identify and restrain all funds, as opposed to ongoing account activity, in or which are hereafter transmitted into the accounts related to the Defendants as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s); (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other accounts subject to this Order; and (iii) any other accounts tied to or used by any of the Seller IDs identified on Schedule "A" hereto;[4]

(8) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third-Party Service Provider(s) and the Financial Institution(s), shall immediately divert to a holding account for the trust of the Court all funds in or which are hereafter transmitted into all accounts related to Defendants identified in Schedule "A" hereto, and associated payment accounts, and any other accounts for the same customer(s) as well as any other accounts which transfer funds into the same financial institution account(s) as any other accounts subject to this Order;

(9) The Third-Party Service Provider(s) and Financial Institution(s) shall further, within five (5) business days of receiving this Order, provide Plaintiff's counsel with all data that details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account

---

[4] This Order contemplates that discovery may reveal that Defendants may have other user accounts operated by other Third Party Service Providers and Financial Institutions and that the additionally discovered Third-Party Service Providers and Financial Institutions, once identified and provided with notice, shall also be subject to the discovery, restraints and injunctions set forth in this Order.

information shall be made without notice to the account holders, until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third-Party Service Provider or Financial Institution for any purpose (other than pursuant to a chargeback made pursuant to that Third-Party Service Provider or Financial Institution's security interest in the funds) without express authorization of this Court;

(10) Upon Plaintiff's request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third-Party Service Provider(s) and Financial Institution(s), shall immediately cease fulfillment of and sequester Defendants' inventory assets corresponding to the Seller IDs identified on Schedule "A" hereto in its inventory, possession, custody, or control, and hold such goods in trust for the Court during pendency of this action;

(11) this Order shall apply to the Seller IDs, associated Accounts and Merchant Storefronts, and any other seller identification names, Accounts or Merchant Storefronts, Third-Party Service Provider or Financial Institution accounts which are being used by Defendants for the purpose of infringing on at least one claim of the Plaintiff's Patent;

(12) Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third-Party Service Provider(s) and the Financial Institution(s), subject to this Order may petition the Court to modify the asset restraint set out in this Order; and

(13) this PI Order and the Alternative Service Order shall remain in effect during the pendency of this action or until further order of the Court, and Plaintiff shall serve the

Defendants with a copy of this PI Order in accordance with the Alternative Service Order.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that upon Plaintiff's request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third-Party Service Providers and Financial Institutions, is hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiff's Application for a preliminary injunction, or until further order of the Court:

(1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") until further ordered by this Court; and

(2) within (5) days after receiving notice of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts, and any other listings linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants.

C. IT IS HEREBY ORDERED, as sufficient cause has been shown, that:

(1) Amazon.com, Inc., and its related companies and affiliates, including Amazon Services, LLC, and Amazon Payments, Inc. (collectively "Amazon"), are hereby restrained and enjoined, pending the hearing and determination of Plaintiff's Application for a

preliminary injunction, or until further order of the Court, from processing payments for any products listed under the following Amazon Standard Identification Numbers (ASIN): B07DKNN87F by any Seller that has not been authorized by Plaintiff; Plaintiff shall provide notice to Amazon of Plaintiff's authorized sellers;

(2) Amazon.com, Inc., and its related companies and affiliates, including Amazon Services, LLC, and Amazon Payments, Inc., shall place the following Amazon Standard Identification Number B07DKNN87F, into Amazon's gating program, so that Plaintiff will be able to control which sellers list product under these ASINs; and

(3) upon Plaintiff's request, Amazon.com, Inc., and its related companies and affiliates, including Amazon Services, LLC, and Amazon Payments, Inc., shall remove listings and/or advertisements for any product that Plaintiff identifies as infringing on at least one claim of the Plaintiff's Patent (i.e., preventing a seller from listing for sale under the identified ASIN);

(4) The Plaintiff has established that the products as pictured in the attached **Schedule "B"** are either made, used by, offered for sale or sold into the United States and contain every element or equivalent of at least one claim of the Plaintiff's Patent; consequently, all online marketplaces, including but not limited to, amazon.com, ebay.com, aliexpress.com, wish.com, and shopify.com, shall upon receipt of this Order, suspend, block, tombstone, and/or delete any and any product listings identified by the Plaintiff as either identical or substantially similar, to the above-described products in **Schedule "B"**, whether sold by the Defendant or other persons or entities.

(5) Upon Plaintiff's request, a Third-Party Service Provider shall remove listings and/or advertisements for any product that infringes on at least one claim of the Plaintiff's Patent; and

(6) this Order shall remain in effect during the pendency of this action or until further order of the Court.

## II. Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

(1) Plaintiff may propound interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

(2) Plaintiff may serve requests for the production of documents pursuant to FRCP 26 and 34, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

(3) Plaintiff may serve requests for admissions pursuant to FRCP 26 and 36, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such requests within fourteen (14) days of service to Plaintiff's counsel.

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within fourteen (14) days of receiving actual notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third-Party Service Provider(s) and the Financial Institution(s), shall provide to Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

(1) any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the respective Third-Party Service Provider;

(2) the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided;

(3) the Defendants' methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

(4) Defendants' unauthorized and unlicensed use of Plaintiff's Patent.

### III. Security Bond

IT IS FURTHER ORDERED that the $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this PI Order is terminated.

### IV. Unsealing Order

IT IS FURTHER ORDERED that the Clerk of the Court shall unseal this case and the papers previously filed.

**SO ORDERED.**

SIGNED this 23rd day of June, 2021.
Pittsburgh, Pennsylvania

                                          /s/ Christy Criswell Wiegand
                                          Christy Criswell Wiegand
                                          United States District Judge

# Schedule "A"
# Defendants With Store Name and Seller ID

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 1 | TIKTOKS | A2EQK3ES78706L |
| 2 | AAPPLIANCEPARTS | A2M2167NVFYGM4 |
| 3 | ADRRXIAODIAN | A121ENWMA8JJBD |
| 4 | ANKODOGOOD | A17J0449LKIHVU |
| 5 | ANTWALKING_MALL | A35AR89Z1GRQ7I |
| 6 | APKREEL E-COMMERCE | A2VG73IVVKZTF4 |
| 7 | AUEAR | A15NK8NXUTNX6I |
| 8 | BEEGSTORE | A30PE3S7L2DZ1A |
| 9 | BISITE | A16OHEKYCQ6F24 |
| 10 | BUILDNET SHOP | A1H86CHAQN60I9 |
| 11 | CITY MARKET, LLC | APW836EO40SLN |
| 12 | COME-BUY | A1EF4NSXN1SA1W |
| 13 | DEMAOTECHNOLOGY_2020 | A17RAV2EFS9IQT |
| 14 | DPROFY-US | A3VA53ZSUS7L9X |
| 15 | EMPREZZ | A2DL9J4BBG2Y85 |
| 16 | ESHAN | A1PCP1I8CFEM93 |
| 17 | ETOTAL GLOBAL US | A2PQ5NK8EFAMY0 |
| 18 | HTZAHUOPU | AXLOHZ1HUD1GL |
| 19 | I.VALUX | A3F2LB84J96XP3 |
| 20 | JUYUANZHUANGSHIGONGCHENG | A35AUBXGG9W51W |
| 21 | KITCLAN | ANIAXF19V9Y9W |
| 22 | KWISPEL | A2XFZDH8YYUFBM |
| ~~23~~ | ██████████ | ██████████ |

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 24 | LUCK STOREHD | A256MYOCOZ4B8Y |
| 25 | LVYOU | A3AJ2QW2DWG23B |
| 26 | MAXEN | A1PKXJ61R9LRSU |
| 27 | MPAGON | AVNZS331SEO7V |
| 28 | MYTBMZ | A1QBESA2ZHV98H |
| 29 | NXDA | A33S0V034O7EL |
| 30 | OAKEN.OC9 | A2LBTJ4DJQ85HA |
| 31 | PAKESI | A1CPDQQJK2AXWN |
| 32 | POLARPRA US | A3INSCDW7AKDWD |
| 33 | RAINFOREST ENVIRONMENTAL TECHNOLOGY CO., LTD | A24P65WHT9QLU4 |
| 34 | ROCUTUS | A23CUA987VWK68 |
| 35 | SHAWN YORK TRADING | A3SVUN4PRU593X |
| 36 | SHEN ZHEN JIN FU CHUN SHI YE YOU XIAN GONG SI | A35UG0GSVG5IT7 |
| 37 | SHENZHENSHIHANGSHENGC HANGDADIANZIYOUXIANGONGSI | A37KI3EZIZ1OCH |
| ~~38~~ | ██████████ | ██████████ |
| 39 | SUNJOY CO., LTD | A29LTZYG79KHNU |
| ~~40~~ | ██████████ | ██████████ |
| 41 | U.TENWEET | A31VUUIBC85TMH |
| 42 | VENDAV | A1PY2RNSLACE |
| 43 | VIVILANNI | A1ULVRUS3AWTEQ |
| 44 | YOGAHOLA | A26OR5BQMN2OOM |
| 45 | YUANGMALL | A36933677C8TGU |

- 46 -

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 46 | ZROPAW | A2K1OOJZNLDBFK |
| 47 | ANTONIOMJM07 | 363245548163 |
| 48 | CANINETRAIN_33 | 353340738587 |
| 49 | ELECTRONICSELLER50 | 233963050855 |
| 50 | FENOMENALNO1922 | 233881958680 |
| ~~51~~ | ▮▮▮▮▮▮▮▮ | ▮▮▮▮▮▮▮▮ |
| 52 | JUANAPULL-10 | 393034781690 |
| 53 | LOLOS-BARGAINS | 353446533854 |
| 54 | SUNRISE-HR-GLOBAL | 333948129527 |
| 55 | JINFEIEU | 5a74641542159546cef2ae4f |
| 56 | VC PLAY | 5e74048829e7861c9d380ff3 |

- 47 -

# Schedule "B"
# Patent Infringing Products

# Type 1 Infringing Product



# Type 2 Infringing Product



- 47 -

## Type 3 Infringing Product



## Type 4 Infringing Product



## Type 5 Infringing Product



# Type 6 Infringing Product

